Summers, J.
The relator applied to the court of common pleas for a writ of mandamus commanding the defendants, the trustees and clerk of Sharon township, Franklin county, to issue an order for one hundred dollars and interest thereon, from September 10, 1896, to pay the bounty claim of defendant, or to issue a bond therefor as provided by law. The facts stated in the petition showed that the relator had such a claim, that he had presented it to the defendants, as such officers,on the 10th day of September 1896, and demanded ’ payment or a bond, and that the trustees, defendants, at their meeting on said date, disallowed and refused to pay the claim.
An alternative writ issued, and the defendants answered denying the allegations upon which relator based his claim, and for a second defense pleaded payment.
At the April term the case was tried to a jury. The jury made a special finding of facts, and found the allegations of the petition to be true, that the relator had not been paid, and that there was due him one hundred dollars and interest.
A motion for a new trial was filed and overruled, and the court found and adjudged that the relator was entitled to a peremptory writ,and one was allowed accordingly. Thereupon, on June 8, 1897, the defendants entered notice of *661 their intention to appeal to this court, and [the amount of the appeal bond was fixed at one hundred dollars, and an appeal bond was filed July 14, 1897.
The case is before us upon relator’s motion to dismiss the appeal. Three grounds are assigned. 1'. The cause is not appealable. 2, No sufficient appeal bond has been filed, and 3. said pretended bond was noUexecuted within the time required by law.
In argument counsel for relator asserts that the motion should be sustained, first, because mandamus is not a civil action; second, because the right to trial by jury existed,and third, because the bond was not filed in time.
Counsel for defendants, in-support of the claim that the cause is appealable, rely upon the decision of this court in State ex rel. Widner v. Bowersock, 1 O. C. C., 127,and assert that section 5228, of the Revised Statutes, relieved the defendants from giving bond.
Chinn v. Trustees, 32 Ohio St., 236, was an application by Chinn to the district court for a writ of mandamus to compel the defendants, township trustees, to deliver him a bond in payment of his bounty claim. The trustees answered setting up the statute of limitations as a- bar. The plaintiff demurred, the court overruled his demurrer and dismissed the case. Chinn prosecuted error to the supreme court. The question was whether mandamus was a civil action; if it was, the statute of limitations applied, and the decision of the district court was correct. The supreme court held, second syllabus:
“The civil action of the code is a substitute for all such judicial proceedings as were previously known, either as actions at law or suits in equity, and does not embrace proceedings in mandamus.”
Upon the authority of tbis decision, this court had held that mandamus is a special proceeding, and not a civil action; but, in the case relied upon by defendants’ counsel, *662 1 O. C. C. R., 127, the same court, while re-affirming the reasoning upon with its former decision had been based, felt called upon to hold to the contrary in deference to the decision in Dutten v. Village of Hanover, 42 Ohio St., 215.
We are of the opinion that mandamus is a special preceding, and not a civil action. The reasons for this opinion are so much better stated in State ex rel. Widner v. Bowersock, supra, 1 O.C. C. R., 127,than we can state them,that we shall not attempt to re-state them, but merely direct attention to the opinion in that case.
It is true that in the case of Dutten v. Village of Hanover, supra., the question of the appealability of the case was raised; but it is very apparent that the only ground upon which it was claimed that it was not appealable, was that the issue in the case was one of right triable by a jury, and this was the only question considered, and the case is authority only on that point.
Professor Wambaugh says:
“A case is not a precedent for any proposition that was neither consciously nor unconsciously in the mind of the court. It is the duty of the court to deliberate. Otherwise decisions could not be conceived to have any authority whatever, for they would be arbitrary or accidental, and could not be reduced to a scientific system, though, to be sure, persons interested in lotteries and other games of chance do believe that accident can be reduced to a science. What makes decisions of value as precedents, is the fact that they aTe based upon reasoning, and not upon chance. If it can be shown that there was no deliberation, it follows that the case is of no authority for any proposition whatever. Further, if it can be shown that, although there was deliberation, a particular point was wholly absent from the consideration of the court, then, even through that point is conceivably an important one, the connection of the decision with that point is not a connection of effect and cause, but is purely accidental, and as to that point the decision is no authority whatever.”
Wambaugh’s Study of Cases, sec. 17.
H. R. Wilson, for the Relator.
J. H. Dyer, E. D. Howard and O. W. Aldrich, for Defendants.
• It is not sufficient that the question was raised by the assignments of error; it must appear that the adjudication involved a consideration of the question. The State v. Pugh, 43 Ohio St., 98, 122, and cases there reviewed.
The dictum in State ex rel. v. Crites, Auditor, 48 Ohio St., 142, 175, has not been overlooked, and we may add to what is said in State ex rel. Widner v. Bowersock, supra, as to the changes in the statutes evidencing a legislative intent to transfer the proceeding into a civil action, that the act of 1878, to revise the code is entitled: “An act to revise and consolidate the laws relating to civil procedure in courts of common pleas and superior courts, and also, the laws relating to procedure m error, mandamus, and quo warranto.” 75 O. L. 597
The appeal bond was not given within thirty days after the entering of the judgment, but the appellants claim that under the provisions of sec. 5228 of the Revised Statutes, they are not required to give bond. This section provides that: “A party in a trust capacity, who has given bond in this state with sureties according to law, shall not be required to give bond and security to perfect an appeal.”
At an early day this provision named executors, administrators and guardians, 50 O. L., 94, and it is trusts of that character, and not public offices th,at it embraces.
Motion to dismiss the appeal sustained. •